# EXHIBIT 2

12/11/2025 4:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 109012148
By: Yasmin Creag
Filed: 12/11/2025 4:50 PM

## 2025-92856 / Court: 151

| | | |
|---|---|---|
| **TANYA RICHARDSON,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **JOHN DOE AND MARRIOTT** | § | |
| **HOTEL SERVICES, LLC,** | § | |
| *Defendant.* | § | **HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF THE SAID COURT:

COMES NOW, Tanya Richardson (hereinafter referred to as "Plaintiff"), and file this, her Original Petition and Request for Disclosures complaining of John Doe and Marriott Hotel Services, LLC, (hereinafter referred to as "Defendants"), and for cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY LEVEL

1. Pursuant to TEX. R. CIV. P. 190.4, Plaintiff states that discovery in this cause is intended to be conducted under Level 3, and hereby move to conduct discovery at such level.

### II.
### PARTIES AND SERVICE

2. Plaintiff Tanya Richardson is an individual residing in the City of Las Vegas, Nevada. Plaintiff may be noticed by and through her attorney of record, Ayesha Rafi, Rafi DeBose, PLLC, 8111 LBJ Freeway, Suite 665, Dallas, Texas 75251.

3. Defendant John Doe is an individual whose domicile is unknown at this time. However, investigative steps are being taken to procure this information.

4. Defendant Marriott Hotel Services, LLC is a foreign limited liability company doing business in Texas. Marriott Hotel Services, LLC may be served with process through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218

### III.
### JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks only monetary relief more than $250,000.00 but not more than $1,000,000.00.

7. This court has jurisdiction over the parties because Defendant Marriott Hotel Services, Inc. avails and conducts business in Texas.

8. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County.

### IV.
### FACTUAL BACKGROUND

9. The collision occurred on October 28, 2024, in the city of Houston, Texas.

10. Plaintiff was a restrained occupant of a shuttle arriving at the Marriott South at Hobby Airport Hotel located at 9100 Gulf Freeway, Houston, Texas 77017.

11. Defendant John Doe was operating a shuttle in which Plaintiff was a restrained occupant.

12. Upon information and belief, Defendant John Doe was an employee or an agent of Defendant Marriott Hotel Services, LLC, acting in the course and scope of his employment.

13. Upon information and belief, Defendant John Doe was operating a vehicle owned by

Defendant Marriott Hotel Services, LLC.

14. Defendant John Doe failed to maintain proper lookout and struck another vehicle.

15. Plaintiff suffered significant damages as a result of the forceful impact.

16. Plaintiff alleges that Defendants' negligence was the proximate cause of Plaintiff's damages.

## V.
## NEGLIGENCE OF DEFENDANT JOHN DOE

17. The occurrence made the basis of this suit, described in the paragraphs above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendant in one or more of the following respects:

(a) In failing to control his speed and driving the vehicle at a rate of speed that was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances, in violation of Texas Transportation Code §545.062(a);

(b) In failing to maintain a safe distance from other vehicles on the road as person of ordinary prudence would have kept under the same or similar circumstances;

(c) In failing to keep such a lookout as person of ordinary prudence would have kept under the same or similar circumstances;

(d) In failing to apply the brakes to his vehicle in a timely manner to avoid the collision in question;

(e) In failing to swerve in manner to avoid the collision in question as person of ordinary prudence would have done in the same or similar circumstances.

18. Each of these acts and omissions, singularly or in combination with others, constituted

negligence which proximately caused the occurrence that made the basis of this action and Plaintiffs' injuries and damages.

## VI.
## RESPONDEAT SUPERIOR/AGENCY-DEFENDANT MARRIOTT HOTEL SERVICES, LLC

19. Plaintiffs incorporate all allegations in the paragraphs above and below as if fully restated and re-alleged herein.

20. Upon information and belief, Defendant Marriott Hotel Services, LLC employed John Doe. At the time of the collision with Plaintiff,

21. Upon information and belief, Defendant John Doe was operating a vehicle owned by Defendant Marriott Hotel Services, LLC at the time of the collision.

22. It is further believed that Defendant John Doe was in control of said vehicle within the course and scope of his employment for Defendant Marriott Hotel Services, LLC. Therefore, Plaintiff invokes the doctrine of *respondent superior* and/or agency against Defendant Marriott Hotel Services, LLC.

## VII.
## DAMAGES OF PLAINTIFF TANYA RICHARDSON

23. Plaintiff Tanya Richardson would show that as a result of the negligence, negligence per se and/or gross negligence of the Defendants, she sustained severe and permanent injuries.

24. Plaintiff Tanya Richardson incurred injuries and damages in an amount in excess of the court's minimum jurisdictional limit.

25. Plaintiff Tanya Richardson would further show that as a proximate result of the negligence of the Defendants, she is entitled to recovery for damages including but not limited to:

(a) past and future reasonable and necessary medical expenses;

(b) past and future pain, suffering and mental anguish;

(c) past and future impairment due to her debilitating injuries;

(d) lost past wages and loss of future earning capacity.

## VIII.
## CLAIM FOR PREJDUGMENT AND POST JUDGMENT INTEREST

26. Plaintiff claim interest in accordance with Texas Finance Code §304.001 *et. seq.* and any other applicable law.

## IX.
## REQUEST FOR DISCLOSURES

27. Plaintiffs hereby request that Defendants disclose the information and materials described in TEX. R. CIV. P. 192(a)-(l). The responses may be served upon Plaintiff through her attorney of record, Ayesha Rafi, Rafi DeBose, PLLC, 8111 LBJ Freeway, Suite 665, Dallas, Texas 75251.

## X.
## NOTICE PURSUANT TO T.R.C.P. 193.7

28. Plaintiff provides notice to Defendants pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE that Plaintiff may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case.

## XI.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff request that Defendants be cited and required to appear and answer, and that this case be tried, after which, Plaintiff recover:

(a) Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages indicated above;

(b) Plaintiff respectively request a jury determine the amount of Plaintiff's damages, including exemplary damages;

(c) Pre-judgment and post-judgment interest at the maximum amount allowed by law on all elements of applicable damages claimed herein;

(d) Costs and fees of suit; and

(e) Such other and further relief, both general and specific, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**RAFI DEBOSE, PLLC**

*/s/ Ayesha Rafi* _____
Ayesha Rafi
State Bar Number 24060455
arafi@rafidebose.com
Kyle DeBose
State Bar Number 24084302
kdebose@rafidebose.com
8330 LBJ Freeway, Suite 820
Dallas, Texas 75243
Telephone: (214) 224-0064
Facsimile: (214) 224-0064

**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ayesha Rafi on behalf of Kyle DeBose
Bar No. 24084302
arafi@rafidebose.com
Envelope ID: 109012148
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition and Request for Disclosures
Status as of 12/12/2025 8:30 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jose Padilla | | jose@rafidebose.com | 12/11/2025 4:50:00 PM | NOT SENT |
| Kyle DeBose | | kdebose@rafidebose.com | 12/11/2025 4:50:00 PM | NOT SENT |
| Luz Contreras | | lcontreras@rafidebose.com | 12/11/2025 4:50:00 PM | NOT SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk